Filed 6/11/15  P. v. Dukes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DARNELL MARICE DUKES,<br><br>      Defendant and Appellant. | B258539<br><br>(Los Angeles County<br>Super. Ct. Nos. NA095217,<br>NA098199) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Darnell Marice Dukes, pled no contest in two separate cases to dissuading a witness by force or threat and assault by means of force likely to produce great bodily injury (Pen. Code,[1] §§ 136.1, subd. (c)(1) [case No. NA098199], § 245, subd. (a)(4) [case No. NA095217].)  Defendant was consecutively sentenced to 11 years in state prison.  As part of his plea agreement, defendant waived all presentence credits.  Defendant's probable cause certificate issuance request was denied.

We appointed counsel to represent defendant on appeal.  After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

On April 17, 2015, we advised defendant that he had 30 days within which to personally submit any arguments he wished us to consider.  In a letter filed May 5, 2015, defendant objected to the trial court's post-plea order that his prison sentence be served at 85 percent.  At the conclusion of the sentencing hearing, the trial court stated:  "The total aggregate term of imprisonment on both cases is 11 years.  That is to be served at 85 percent."  The trial court's order regarding prison worktime credit is not reflected in defendant's abstracts of judgment.

We agree with defendant that the trial court's oral statement purportedly limiting his post-sentence worktime credit to 15 percent was legally unauthorized.  (See *People v. Karaman* (1992) 4 Cal.4th 335, 349-350, fn. 15 [presentence conduct credit]; *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1457 & fn. 12 [presentence custody credit]; *People v. Gisbert* (2012) 205 Cal.App.4th 277, 282 [presentence custody credit].)  When a defendant is convicted of a *violent* felony as defined in section 667.5, subdivision (c), section 2933.1, subdivision (a), limits prison worktime credit to not more than 15 percent.  Defendant was convicted of a *serious* felony.  (§ 1192.7, subd. (c)(37) ["[I]ntimidation of

---

[1]     Further statutory references are to the Penal Code.

victims or witnesses, in violation of Section 136.1"]; *People v. Torres* (2011) 198 Cal.App.4th 1131, 1151, fn. 14; *People v. Neely* (2004) 124 Cal.App.4th 1258, 1261, 1268.) However, defendant was not convicted of any *violent* felony. Because he was not convicted of a violent felony, defendant is not limited to 15 percent prison worktime credit under section 2933.1, subdivision (a). But, the abstract of judgment does not reflect the trial court's off-hand comment that defendants' sentence is to be served at 15 percent.

Defendant is correct that he was sentenced under sections 667, subdivisions (b) through (i) and 1170.12. Thus, his prison conduct credit is limited to not more than 20 percent of his sentence. (§§ 667, subd. (c)(5), 1170.12, subd. (a)(5); *In re Young* (2004) 32 Cal.4th 900, 905; *People v. Thomas* (1999) 21 Cal.4th 1122, 1126.) However, we have no record of the rate, if any, at which defendant is earning prison worktime credit. Moreover, if defendant desires to challenge any Department of Correction and Rehabilitation's calculation of his worktime credits, he must file a habeas corpus writ petition. (*People v. Brown* (2012) 54 Cal.4th 314, 322, fn. 11; see, e.g., *People v. Pacheco* (2007) 155 Cal.App.4th 1439, 1441-1442.)

To sum up, there is no evidence the Department of Corrections staff even knows about the trial court's comment. Moreover, the sentencing document, the abstract of judgment, provided to the Department of Corrections and Rehabilitation makes no reference to the trial court's 15 percent comment. And more importantly, there is no evidence the Department of Corrections and Rehabilitation staff has miscalculated defendant's post-judgment conduct credits. It bears emphasis that the Department of Corrections and Rehabilitation staff has a well earned reputation for noting potential

jurisdictional errors of the type defendant raises.  Based on the record on direct appeal, defendant is entitled to no relief.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:



KRIEGLER, J.



KIRSCHNER, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.