Filed 5/24/16  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO GONZALEZ,<br><br>    Defendant and Appellant. | B262731<br><br>(Los Angeles County<br>Super. Ct. No. YA090504) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Law Offices of Pamela J. Voich and Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Victoria B. Wilson and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Alejandro Gonzalez appeals from a judgment of conviction after he pled no contest to assault with a semiautomatic weapon. (Pen. Code, § 245, subd. (b).)[1] He seeks specific enforcement of the plea agreement, on the belief that it entitled him to serve his sentence at 80 percent and to receive one-for-one conduct credits. Appellant is subject to the 15 percent limitation on credits in section 2933.1, and we cannot order the trial court to specifically enforce an illegal sentence. The judgment is affirmed.

## PROCEDURAL SUMMARY

In October 2014, appellant was charged with assault with a firearm (§ 245, subd.(a)(2), count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), and assault with a semiautomatic weapon (§ 245, subd. (b), count 3), for a crime allegedly committed in June 2014.[2] Personal use of a firearm allegations were attached to counts 1 and 3. (§ 12022.5, subd. (a) & (d).)

Petitioner's plea was taken at a hearing in January 2015. At the start of the hearing, the court announced: "I understand that an agreement has been reached in this case where Mr. Gonzalez will be entering a plea of guilty or no contest to the charge in count 3, 245(b), assault with a firearm, and he will be admitting the allegation under 12022.5 (a) [and] (d). And the agreed upon disposition is low term as to both. . . . [¶] Three years plus three for a total of six to be served in state prison." Defense counsel agreed with this representation.

Before the prosecutor advised appellant of his rights, she explained to him: "You'll be pleading to count 3. In exchange for your plea, the remaining counts will be dismissed. [¶] . . . [A]s agreed, you will be sentenced to six years in state prison." Defendant acknowledged he understood the terms of the agreement and was pleading freely and voluntarily.

---

[1] All statutory references are to the Penal Code.

[2] The underlying facts are not at issue.

Defense counsel then interjected that defendant had one question—"he just wanted to make sure he would be serving 80 percent of the time. That's my understanding." The court responded: "That's our understanding, but that's up to the Department of Corrections. But just as you expect, we do expect this will be a case where you serve it at 80 percent." Defense counsel added: "Provided there's no violation or anything while he's in custody." The court confirmed, "That's right," adding that "[t]he presentence credits are one-for-one credits." Counsel agreed. The court finished advising appellant, and the prosecutor took his no contest plea.

The court sentenced appellant pursuant to the plea agreement to an aggregate term of six years in prison. Appellant was awarded 223 actual days and 223 conduct credits. Several days later, the court called the case to correct its error, explaining it "originally had given one-for-one credit. We neglected to take into account the firearm that was used in this case, and that issue is submitted under 12022.5 which would limit the credits to 15 percent pursuant to Penal Code section 2933.1." The court reduced appellant's conduct credits to 34 for a total of 257 total presentence custody credits.

This appeal followed.

## DISCUSSION

Appellant seeks to specifically enforce the sentence credits the court awarded on the assumption that they are part of the plea agreement.[3] The terms of a plea agreement may be enforced under contract principles. (*People v. Renfro* (2004) 125 Cal.App.4th 223, 230.) For a term to be deemed part of a plea agreement, the circumstances must show that the plea rested to a significant degree on a promise by the prosecution regarding that term, so that it may be considered part of the inducement or consideration. (*In re Moser* (1993) 6 Cal.4th 342, 355.) The prosecutor's lack of "legal authority" to

---

[3] Because appellant purports to affirm, rather than attack the plea bargain, no certificate of probable cause is required. (*People v. Johnson* (2009) 47 Cal.4th 668, 679 fn. 5.)

agree to a term counsels against finding that the term was part of the plea negotiation. (*People v. Paredes* (2008) 160 Cal.App.4th 496, 511–512.) Similarly, the trial court's failing to advise or misadvising a defendant about the consequences of a plea does not become a term of the plea agreement. (See *People v. McClellan* (1993) 6 Cal.4th 367, 379; *Moser*, at p. 356.) We review the terms of a plea agreement de novo. (*Paredes*, at p. 507.)

Section 2933.1 limits presentence conduct credits and worktime credits to 15 percent for violent felonies, as defined in section 667.5, subdivision (c). Defendant pleaded guilty to a violent felony. (See §§ 12022.5, subd. (d) [firearm enhancement must be imposed for violation of § 245 if firearm used], 667.5, subd. (c)(8) [any felony in which defendant uses firearm as pled and proven under § 12022.5 is violent felony].) Thus, he was subject to the mandatory credits limitation.

Neither the court's initial description of the plea agreement, nor the prosecutor's restatement of its terms indicate that the parties bargained for an increased rate at which appellant could earn credits. Appellant argues that because defense counsel advised the court about appellant's interest in serving his term at 80 percent, the court's expectation that he would serve his sentence at that rate became part of the plea agreement, as did the court's comment that he would earn one-for-one credits. We disagree.

The prosecution could not agree to ignore section 2933.1 (see *People v. Parades*, *supra*, 160 Cal.App.4th at pp. 511–512), and the record does not indicate that it did. Rather, it appears that everyone neglected to take into account the effect of the firearm enhancement which appellant admitted as part of his plea. The court prefaced its comments regarding credits with the caveat that they were "up to the Department of Corrections." Indeed, because of the numerous contingencies on the eligibility for credits, trial courts are not even required to advise defendants about any limitation of worktime credits. (*People v. Barella* (1999) 20 Cal.4th 261, 272.) The court's comments did not become part of the plea agreement just because they were made in response to an inquiry by the defense.

4

Even assuming the comments about credits became part of the plea bargain, the remedies for its breach are allowing the defendant to withdraw the plea and specific enforcement of its terms. (*People v. Renfro*, *supra*, 125 Cal.App.4th at p. 233.) Specific enforcement is an appropriate remedy only "when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 861.) It is not appropriate if the negotiated sentence was invalid or unauthorized. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1224.) Appellant does not seek to withdraw his plea, and we cannot order the trial court to specifically enforce an illegal or unauthorized term. (*People v. Gisbert* (2012) 205 Cal.App.4th 277, 280–282 [erroneous award of presentence custody credits results in unauthorized sentence].)

Appellant's reliance on *People v. Velasquez* (1999) 69 Cal.App.4th 503 is misplaced. The court in that case concluded that a plea agreement specifying a maximum three-year sentence upon revocation of probation left open the possibility that the defendant would be sentenced to the low term of two years. The case did not involve a sentencing irregularity. (*Id*. at p. 506.)

*People v. Hester* (2000) 22 Cal.4th 290 also is inapposite because it did not involve a request for specific enforcement of an unauthorized sentence. Rather, the court declined to modify the defendant's sentence, citing the general policy that "[w]here the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Id*. at p. 295.) The policy referenced in *Hester*—that an appellate court may decline to find sentencing error in the context of a plea bargain—does not mean that we may specifically enforce a sentencing error. We cannot say that preventing appellant from seeking to specifically enforce an unauthorized sentencing term "would work an unfairness and a lack of balance in the criminal process" (*Nienhouse v. Superior*

5

*Court* (1996) 42 Cal.App.4th 83, 92), as *Hester* cannot be read to give such a right to the prosecution.

Appellant is not entitled to the relief he requests.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                EPSTEIN, P. J.

We concur:


WILLHITE, J.


COLLINS, J.