Filed 8/28/20  P. v. Tarkington CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B298503 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA134487) |
| v. | |
| ANTHONY L. TARKINGTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Appeal dismissed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorneys General, David E. Madeo and Stacey S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Anthony L. Tarkington of second degree murder. At sentencing, the trial court imposed a $10,000 restitution fine. Over 20 years later, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Tarkington filed a motion in the trial court challenging imposition of that fine on constitutional grounds. The trial court treated the motion as a petition for writ of habeas corpus, and denied it. Tarkington appeals the court's order. Because the order is nonappealable, we dismiss the appeal.

PROCEDURAL BACKGROUND

In 1997, a jury convicted Tarkington of second degree murder, with a deadly weapon enhancement.[1] (Pen. Code, §§ 187, subd. (a);[2] 12022, subd. (b).) The trial court sentenced Tarkington to 46 years to life in prison pursuant to the Three Strikes law. (§ 667, subds. (b)–(i).) Without objection, the court also imposed a $10,000 restitution fine, observing that Tarkington would "have ample opportunity to earn money for the payment of that fine." (§ 1202.4.) Tarkington appealed, but did not challenge imposition of the restitution fine or assert that he was unable to pay it. We affirmed the judgment. (*People v. Tarkington* (Aug. 19, 1998, B117520) [nonpub. opn.].) The remittitur issued on October 23, 1998.

---

[1]   We take judicial notice of the record in Tarkington's case, No. B117520, including our opinion on his direct appeal. (Evid. Code, §§ 452, subd. (d), 459.) Because the evidence regarding the murder is not relevant to the issue raised on appeal, we do not discuss it here.

[2]   All further undesignated statutory references are to the Penal Code.

In 2019, *Dueñas* held that due process requires that a trial court stay execution of a section 1202.4 restitution fine unless and until the People demonstrate a defendant has the ability to pay it. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1169–1172.) Thereafter, Tarkington, acting in propria persona, filed in the trial court a document entitled "Motion for restitution hearing for reconsideration of ability to pay and constitutionality of excessive fines." Relying on *Dueñas*, Tarkington argued that the trial court's imposition of the restitution fine, without consideration of his ability to pay, violated the Eighth and Fourteenth Amendments to the federal constitution. He requested that the restitution fine be reduced to $200.

The trial court treated the motion as a petition for writ of habeas corpus, and denied it. It reasoned that the imposition of the fine was not an abuse of discretion; a defendant's prison wages may be considered when determining ability to pay; Tarkington presented no evidence at the original sentencing hearing regarding his alleged inability to pay; and the issue was forfeited.

Tarkington filed a timely notice of appeal.

DISCUSSION

Tarkington argues that the imposition of the restitution fine, absent a determination of his ability to pay, violated due process, entitling him to resentencing and an ability-to-pay hearing.[3] He contends that the trial court's order is appealable as

---

[3] As Tarkington recognizes, our Supreme Court is currently considering whether a court must evaluate a defendant's ability to pay before imposing or executing fines, fees, and assessments. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

3

an order after judgment affecting his substantial rights (§ 1237, subd. (b)) and because the restitution fine amounted to an unauthorized sentence.  The People contend that the issue has been forfeited because Tarkington failed to raise his inability to pay at sentencing; *Dueñas* does not apply retroactively; and the restitution fine was not unconstitutionally excessive.

Contrary to Tarkington's contention, the order in question is not appealable.  The trial court treated the motion as a petition for writ of habeas corpus.  It is well settled that the denial of such a petition is not appealable.  (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986; *People v. Ryan* (1953) 118 Cal.App.2d 144, 149.)

Nor is the court's order appealable if we treat Tarkington's request as a motion, rather than as a writ, because the trial court lacked jurisdiction to consider such a motion.  Generally, once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204 (*Turrin*).)  "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.  [Citations.]" (*Torres*, at p. 1084; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Hernandez*, at p. 327; *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1092 [where trial court lacked jurisdiction over motion, denial of motion did not affect defendant's substantial rights under § 1237, subd. (b) and dismissal of appeal was required].)

4

Exceptions to this rule exist, but none apply here. (See *Torres*, *supra*, 44 Cal.App.5th at p. 1085; *Turrin*, *supra*, 176 Cal.App.4th at pp. 1204–1205, 1207–1208.) For example, a court may recall a sentence and resentence a defendant under certain circumstances within 120 days of his or her custody commitment (§ 1170, subd. (d)(1); *Torres*, at p. 1085; *Turrin*, at p. 1204), but the 120-day period has long since expired in Tarkington's case. A court may also correct clerical or computational errors at any time (*Torres*, at p. 1085; *Turrin*, at p. 1205), but the relief Tarkington sought did not constitute a mere clerical or computational error.

An unauthorized sentence may also be corrected at any time. (*Torres*, *supra*, 44 Cal.App.5th at p. 1085; *Turrin*, *supra*, 176 Cal.App.4th at p. 1205.) But the $10,000 restitution fine here did not amount to an unauthorized sentence. The unauthorized sentence exception is "narrow" and applies only where the sentence " 'could not lawfully be imposed under any circumstance in the particular case.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1145; *Turrin*, at p. 1205.) The appellate court may intervene in the first instance because such errors " 'present[] "pure questions of law" [citation], and [are] " 'clear and correctable' independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' [Citation.]" (*In re G.C.*, at p. 1130.) In 1997, when Tarkington was sentenced, section 1202.4 authorized a restitution fine of $10,000. (See Stats. 1996, ch. 629, § 3.) *Dueñas* does not hold that a restitution fine can never be imposed, only that the defendant's ability to pay must appear as a predicate. (*Dueñas*, *supra*, 30 Cal.App.5th at

5

p. 1172.) Determination of a defendant's ability to pay is a factual issue that would require remand to the trial court. (See *Torres*, at p. 1085 [*Dueñas* claim is based upon factual arguments concerning ability to pay, and does not fall within the unauthorized sentence exception].) Thus, the fine was not an unauthorized sentence. (*People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting contention that, because defendant did not have ability to pay $10,000 restitution fine, it was an unauthorized sentence].)

Nor did the trial court have jurisdiction by virtue of section 1237.2, and Tarkington does not argue to the contrary. That statute provides that a "trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction." But, as our colleagues in Division One recently held, the jurisdiction created by section 1237.2 "does not extend beyond the pendency of a defendant's direct appeal from his or her judgment of conviction." (*People v. Torres*, *supra*, 44 Cal.App.5th at p. 1088.) The impetus behind section 1237.2 was judicial economy, a purpose that would not be served "by extending the trial court's jurisdiction to motions made after the conclusion of the direct appeal." (*Torres*, at pp. 1086–1087.)

*Turrin* and *Torres* are instructive. In *Turrin*, the defendant purported to appeal from an order denying his request to modify restitution fines because he lacked the ability to pay. His motion was brought months after sentencing, and after his state prison term had begun. *Turrin* concluded that the trial court lacked jurisdiction to entertain the motion, and dismissed the appeal. (*Turrin*, *supra*, 176 Cal.App.4th at pp. 1203, 1208.)

6

*Turrin* explained, a "defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine . . . in a motion to modify the same in the trial court after it has lost jurisdiction." (*Id.* at p. 1207.) And in *Torres*—a case identical to the case at bar—after his direct appeal concluded, the defendant filed a *Dueñas* motion in the superior court, requesting modification of a $10,000 restitution fine. *Torres* concluded the superior court lacked jurisdiction to hear the motion, and therefore dismissed the appeal. (*Torres*, *supra*, 44 Cal.App.5th at pp. 1083–1085.) Likewise, here, the appeal must be dismissed.

Tarkington relies on language in *People v. Fares* (1993) 16 Cal.App.4th 954 (*Fares*) and *People v. Jordan*, *supra*, 21 Cal.App.5th 1136, that there is "no time limitation upon the right to make [a] motion to correct the sentence." (*Fares*, at p. 958; *People v. Jordan*, at p. 1140.) Although this language appears broad, it must be interpreted in context. The only issue in *Fares* was whether the trial court's mathematical computation of defendant's custody credits was incorrect. *Fares* reasoned that the issue involved a clerical, inadvertent, or negligent error, requiring only a "ministerial review of the record and an arithmetic calculation." (*Id.* at pp. 957, 959.)[4] Where this was the only issue on appeal, judicial economy mandated resolution in the trial court in the first instance. (*Id.* at pp. 958–960.)

But in *Fares*, the erroneous custody credit award amounted to an unauthorized sentence. A "sentence that fails to award

---

[4]     In response to *Fares*, the Legislature enacted section 1237.1, which—similar to the later-enacted section 1237.2— requires that, where it is the only issue on appeal, a defendant must first request correction of a conduct credit award in the trial court. (*People v. Jordan*, *supra*, 21 Cal.App.5th at p. 1141.)

7

legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647; *People v. Gisbert* (2012) 205 Cal.App.4th 277, 282 [award of custody credits which court lacked discretion to make was "an unauthorized sentence, which the trial court had jurisdiction to correct at any time"]; *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time"].) Thus, the *Fares* court's pronouncement was correct in the context of that case, but cannot be read to confer jurisdiction on trial courts to consider motions to correct sentences that do not fall within the unauthorized sentence or clerical error exceptions.

*People v. Jordan* likewise does not assist Tarkington. There, while the defendant's direct appeal was pending, he moved in the trial court, pursuant to section 1237.2, to strike a penalty assessment imposed on a laboratory analysis fee as unauthorized. After the trial court denied his motion—and while his first appeal was still pending—Jordan filed a second notice of appeal on the sentencing issue. (*People v. Jordan*, *supra*, 21 Cal.App.5th at pp. 1139–1140.) Quoting the "no time limitation" language from *Fares, Jordan* declined to dismiss the second appeal. (*Id.* at p. 1140.)[5] Thus, unlike in the instant matter, because Jordan's appeal was pending, the trial court still had express statutory jurisdiction to consider his motion by virtue of section 1237.2.

---

[5] The court nonetheless found the sentencing issue was waived because Jordan failed to raise it in his original appeal. (*People v. Jordan*, *supra*, 21 Cal.App.5th at p. 1139.)

Finally, even if we were to conclude the order at issue was appealable, Tarkington's claim would fail, because he forfeited any challenge to the fine imposed. When the trial court imposed the $10,000 restitution fine, former section 1202.4, subdivision (c) provided that inability to pay could be considered if the restitution fine was imposed in excess of the minimum. (See Stats. 1996, ch. 629, § 3.) Because the $10,000 fine imposed was well above the minimum, Tarkington had a statutory right to an ability-to-pay determination at sentencing. Thus, although sentencing occurred before *Dueñas* was decided, an objection to the $10,000 fine would not have been futile at the time. When the trial court imposed the fine, Tarkington did not object, assert that he was indigent, or request an ability-to-pay determination. By failing to do so, he forfeited the claim. (See, e.g., *People v. Miracle* (2018) 6 Cal.5th 318, 356; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409; *People v. Avila, supra*, 46 Cal.4th at p. 729; *People v. Smith* (2020) 46 Cal.App.5th 375, 394–395; *People v. Jenkins* (2019) 40 Cal.App.5th 30, 40, review granted on another ground Nov. 26, 2019, and review dismissed July 29, 2020, S258729; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073–1074; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033.) Furthermore, Tarkington's failure to raise the issue in his direct appeal also waived it. (*People v. Jordan, supra*, 21 Cal.App.5th at p. 1145.)[6]

---

[6] In light of our disposition, we need not address the People's arguments that *Dueñas* does not apply retroactively and the restitution fine was not unconstitutionally excessive.

9

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.