Filed 5/24/24  P. v. Solorio CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>FRANCISCO JAVIER SOLORIO,<br><br>  Defendant and Appellant. | F084298<br><br>(Super. Ct. No. F18904920)<br><br>**OPINION** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Heather S. Gimle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Francisco Javier Solorio assaulted a fellow inmate while he was serving a prison sentence for a first degree murder conviction. After this court reversed defendant's sentence for the assault, defendant was resentenced and awarded 2,582 days of custody credits. Defendant contends the trial court incorrectly calculated his custody credits because he was not awarded actual time credits or conduct credits through his resentencing date for the assault. Defendant requests the matter be remanded for the trial court to recalculate custody credits and to amend the abstract of judgment to show his sentence for both cases.

The People agree the trial court incorrectly calculated defendant's custody credits and the matter must be remanded to recalculate his credits. The People argue, though, that defendant's conduct credits must be calculated by the Department of Corrections and Rehabilitation (CDCR), not by the trial court.

We conclude the trial court incorrectly sentenced defendant by failing to merge defendant's two sentences into a single aggregate sentence and shall therefore vacate defendant's sentence. Upon remand to the trial court for resentencing, the court must recalculate defendant's custody credits.

## FACTUAL AND PROCEDURAL SUMMARY[1]

On July 29, 2015, defendant was convicted of murder (Pen. Code,[2] § 187, subd. (a)) with a firearm enhancement (§ 12022.53, subd. (d)) in Imperial County case

---

[1] Parts of the background are incorporated from our nonpublished opinion in defendant's prior direct appeal in this case, *People v. Solorio* (Oct. 13, 2021, F081602) (*Solorio I*), which defendant relies upon in presenting his statement of the case. We construe defendant's reliance on our prior opinion as a request for judicial notice. Because that opinion is relevant to the procedural background of this case, and because the People do not object to consideration of that opinion, the request for judicial notice is granted. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).) Other facts and procedural history are drawn from the probation officer's reports. The facts related to defendant's underlying convictions are omitted because they are not relevant to the issues raised on appeal.

[2] All further statutory references are to the Penal Code.

No. JCF30660 (the Imperial County case), and was sentenced to 50 years to life in state prison.

On May 2, 2017, while serving his prison term, defendant assaulted another inmate.

On November 16, 2017, the Fourth District Court of Appeal reversed defendant's murder conviction in the Imperial County case and remanded the case back to the trial court for a new trial. (*People v. Solorio* (2017) 17 Cal.App.5th 398.)

On April 3, 2018, defendant was reportedly released from custody, but was rearrested that same day pending a new trial and placed in county jail.

On July 24, 2018, the Fresno County District Attorney filed a complaint in the present case (the Fresno County case), case No. F18904920, charging defendant with assault with a deadly weapon by a prisoner (§ 4501, subd. (a); count 1). The complaint further alleged defendant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 22, 2019, the murder charge in the Imperial County case was amended to voluntary manslaughter (§ 192, subd. (a)). Defendant was sentenced to 18 years in state prison for this offense.[3] On June 7, 2019, defendant started his new prison term.[4]

On January 31, 2020, defendant pled no contest in the Fresno County case to an amended charge of assault by means of force likely to produce great bodily injury by a prisoner (§ 4501, subd. (b)). Defendant also admitted the prior strike allegation. On August 10, 2020, the trial court sentenced defendant to four years (two years doubled for the prior strike). The court ordered the sentence to be served consecutively to the sentence for defendant's Imperial County case.

---

[3]    Our prior opinion inadvertently states the sentence was for an indeterminate term of "18 years to life," but as the probation officer's report reflects, and as the parties agree, the sentence was for a determinate term of 18 years. (*Solorio I, supra,* F081602.)

[4]    The record for the Imperial County case, including the abstract of judgment, is not part of the record before this court.

Defendant appealed his sentence for the Fresno County case arguing the trial court should have sentenced him pursuant to section 1170.1, subdivision (a) instead of section 1170.1, subdivision (c). On October 13, 2021, in *Solorio I*, this court agreed with defendant, vacated his sentence, and remanded the matter for resentencing. (*Solorio I*, *supra*, F081602.)

Upon remand, the trial court held a resentencing hearing on March 10, 2022. Defendant raised the issue of time credits "from the last sentencing." The court continued the hearing to obtain an updated calculation of defendant's credits from the probation officer.

On March 29, 2022, the probation officer issued a supplemental report recommending zero days of time credit for defendant. The report stated in pertinent part: "As the defendant is still a sentenced prisoner, serving an 18-year term in Imperial County, pursuant to [section 2900.5, subd. (b)], he is not entitled to time credits." The trial court discussed the report with the parties at a sentencing hearing on April 7, 2022. Defendant argued he was entitled to credit for the period from the assault on May 2, 2017, through when he returned to prison on June 7, 2019. The court again continued the hearing to provide time for probation to research the issue.

The probation officer prepared another supplemental report on April 12, 2022. The report stated in relevant part: "One period of presentence custody may be applied only once to multiple offenses for which consecutive sentences are ordered. [Section 2900.5, subd. (b)]; *People v. Adrian* (1987) 191 Cal.App.3d 868, 876–877 [(*Adrian*)]; *People v. Esparza* (1986) 185 Cal.App.3d 458, 469. As such, additional custody credits awarded in this matter would be considered duplicate credit." The report went on to state that if the court elected to award defendant additional time credits, he would be entitled to 309 days of actual time from August 2, 2018, the date of the order of production, through June 6, 2019, the date before defendant began serving his prison term for the Imperial County case, and 308 days for good time/work time.

On April 21, 2022, the trial court continued the sentencing hearing again and ordered probation to communicate with CDCR about time credits and appear at the next hearing.

On May 3, 2022, the trial court held another resentencing hearing. With respect to time credits, the probation officer stated: "Pursuant to [section 2900.5, subdivision (b)], on a consecutive term the defendant is only entitled to one set of consecutive time credits. So if it's the [c]ourt's intention to impose a consecutive term for this new Fresno County case the defendant would be getting the benefit of all of those time credits earned on his Imperial County case toward this new aggregate term." The probation officer reported she had spoken with Imperial County's probation department to obtain "the actual and the conduct credits that [defendant] was awarded in that county." The probation officer further stated: "Since his initial arrest date for the Imperial County case that was March 22nd, 2013, so he remained in custody either in Imperial County Jail or CDCR until his new sentencing date of March 29th, 2019. So the time credits that he was awarded for that duration was 2,246 actual days, 336 good time, work time days, and those were calculated at 15 percent pursuant to [section 2933.1] for a total of 2,582 days."

The trial court then sentenced defendant to one year four months (one-third of the middle term) for the Fresno County case to be served consecutive to his sentence for the Imperial County case. The court struck defendant's strike for sentencing purposes. The court awarded defendant 2,582 days of custody credit based on the probation officer's calculations. Defendant asked if he "get[s] credits for the time served." The probation officer responded that defendant "gets credit for all of the time he's been in custody in Imperial County. It's going towards the total aggregate term." The probation officer further stated: "He's getting no additional credit for our Fresno County case because he was in custody on another matter which was his Imperial County case. [¶] … [¶] So he's not going to get duplicate credit but he will get credit for, like I said, the entire time he's been both in Imperial County Jail and CDCR custody toward this whole—toward both

cases combined." In response, defendant argued "the Imperial County conviction also included a one third consecutive case and [he] got the time credits for that which resulted in pretty much a time served, even though it was a consecutive sentence so [he does not] see why it doesn't apply to this one too." Defendant continued to argue he was entitled to "presentence credit" from the time of the assault until his return to prison on the primary term. The probation officer noted defendant was given credits from his original arrest date toward the aggregate term. Defendant responded, "those credits are already given to [him] by Imperial County" and he should receive credits from the date of the Fresno County offense. The probation officer noted that "with a consecutive term it's one set of time credits." The court rejected defendant's continued arguments that he was also entitled to presentence credits against his Fresno County case.

The abstract of judgment issued on May 5, 2022, only identifies defendant's term for the assault although it lists the Imperial County case in the section for incomplete consecutive sentences. The abstract states defendant's total sentence as one year four months.

Defendant filed a timely notice of appeal. On December 12, 2022, after filing the notice of appeal, defendant sent a letter to the trial court requesting recalculation of his custody credits and asserting entitlement to credit from March 22, 2013, through May 3, 2022. On January 26, 2024, the trial court ordered the clerk to forward a copy of this letter to the probation department and the parties. The court further ordered the probation department and/or the parties to contact the clerk for a calendar setting if a further hearing is necessary. The record does not indicate a response from the probation department or the parties.

## DISCUSSION

### I. Pronouncement of Sentence

Defendant notes that when a trial court imposes determinate sentences from separate cases, the court must merge the sentences into a single aggregate term and apply

custody credits against the aggregate sentence.  Defendant indirectly raises an issue with the abstract of judgment[5] by his request that upon remand the trial court amend the abstract to reflect the sentence and credit for both his cases.[6]  The People agree, as do we, the Fresno County court "should have re-sentenced [defendant] to a single aggregate term of imprisonment" for both cases.

When there are two separate cases, each with a determinate term, section 1170.1, subdivision (a)[7] and California Rules of Court,[8] rule 4.452[9] require the sentencing court

---

[5]     A third amended abstract of judgment issued on March 7, 2023, after defendant filed his notice of appeal.  This abstract suffers from the same deficiency discussed herein regarding the lack of a single aggregate term and states defendant was awarded zero days of custody credit.  We thus presume the issues raised in defendant's appeal remain viable.

[6]     Because defendant raises, albeit obliquely, an issue with the abstract of judgment in his appeal, the challenge to the custody credits was not the sole issue raised by defendant and the appeal is not barred by section 1237.1.  (§ 1237.1 [a defendant may not file an appeal solely to challenge the calculation of presentence custody credits unless the defendant "first presents the claim in the trial court at the time of sentencing, or … first makes a motion for correction of the record in the trial court"].)  Even if the sole issue was defendant's custody credits, the parties do not dispute defendant complied with section 1237.1 because he objected to the calculation of custody credits at sentencing and requested recalculation of his credits by his December 12, 2022 letter to the trial court.

[7]     Section 1170.1, subdivision (a) provides in relevant part that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under [s]ections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements ….  The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements.  The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed …."

[8]     All further references to rules are to the California Rules of Court.

[9]     Rule 4.452 provides in pertinent part:  "(a) If a determinate sentence is imposed under section 1170.1[, subdivision] (a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1[, subdivision] (a), stating the result of combining the previous and current sentences.  In those situations:  [¶] (1) The sentences on all determinately sentenced counts in all the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case.  [¶]  (2) The court in the

to impose a single aggregate term for both cases.  (*In re Reeves* (2005) 35 Cal.4th 765, 772–773 ["Under the Determinate Sentencing Act (§ 1170 et seq.), multiple consecutive determinate terms must be combined into a single, 'aggregate term of imprisonment for all [such] convictions' (§ 1170.1, subd. (a)) that merges all terms to be served consecutively and complies with the rules for calculating aggregate terms .…"]) Determinate sentences must be combined whether they originate from the same court or a different court.  (§ 1170.1, subd. (a); see, e.g., *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1122–1125 (*Phoenix*) [Yolo County trial court imposed single aggregate term comprised of the defendant's sentences from Yolo County and Sacramento County].)

The trial court here was thus obligated to impose a single aggregate term combining defendant's sentences from Imperial County and Fresno County.  Instead of aggregating all the terms, the court imposed the middle term for the Fresno County case and ordered this sentence to be served consecutive to the sentence imposed by Imperial County.  The abstract of judgment only identifies the sentence imposed for Fresno County and simply lists the Imperial County case number.

We therefore vacate defendant's sentence and remand the matter for the trial court to pronounce a single aggregate term.

## II.    Calculation of Custody Credits

Defendant argues he is entitled to a total of 3,830 days of custody credit consisting of 3,330 actual days in custody from his initial arrest for the Imperial County offense on March 22, 2013, through his resentencing date in Fresno County of May 3, 2022, and an additional 500 days for 15 percent conduct credits.  The People agree the trial court erred and defendant is entitled to all his actual credits to date when he was resentenced on May 3, 2022.  The People, however, calculate 3,327 actual days between defendant's initial arrest on March 22, 2013, through the resentencing on May 3, 2022.  While the

current case must make a new determination of which count, in the combined cases, represents the principal term, as defined in section 1170.1[, subdivision] (a).  The principal term is the term with the greatest punishment imposed including conduct enhancements.…"

8.

People agree the trial court must calculate the amount of defendant's actual time and local conduct credits under section 4019, the People argue defendant's conduct credits while in prison must be calculated by CDCR, not the court.

At the outset, we note that defendant's claim regarding custody credits at sentencing differs to some extent from the claim he raises on appeal. Specifically, defendant did not assert at sentencing entitlement to credit for the period after he was sentenced by Imperial County in 2019, for which he now alleges entitlement to credit. Because defendant raised the issue of entitlement to credit for this period in his December 12, 2022 letter to the trial court requesting recalculation of his custody credits (section 1237.1) and to assist the court in recalculating defendant's custody credits upon remand,[10] we address both claims.

### A. Duplicate Credits

During the May 3, 2022 resentencing hearing, the probation officer said Imperial County reported to her that defendant was awarded custody credit of 2,582 days, consisting of 2,246 actual days and 336 days for conduct credit for the period from his initial arrest until he was resentenced. Defendant confirmed during the hearing that he was given credits by Imperial County. Specifically, defendant stated he "got the time credits" for his Imperial County conviction and later reiterated "those credits are already given to [him] by Imperial County." Defendant, however, argued he was entitled to "presentence credit" from the time of the assault on May 2, 2017, until his return to prison on the primary term. Defendant essentially argued for duplicate credit against the terms for both Imperial County and Fresno County for the period he was in custody after

---

[10] Calculation of custody credits is notoriously difficult. " 'Probably the only sure consensus among the appellate courts is a recognition that section 2900.5, subdivision (b), is "difficult to interpret and apply." [Citation.] As we have noted, in what is surely an understatement, "[c]redit determination is not a simple matter." ' " (*In re Marquez* (2003) 30 Cal.4th 14, 19.)

he committed the assault until he returned to prison. We conclude this argument was properly rejected.

Defendants are entitled to credit against their sentence for all actual days of custody. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30 (*Buckhalter*); §§ 2900, subd. (c), 2900.1, 2900.5, subd. (a).)[11] "Calculation of custody credit begins on the day of arrest and continues through the day of sentencing." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Prisoners may also earn "conduct credit" pursuant to section 4019 for "work and good conduct during presentence incarceration." (*People v. Duff* (2010) 50 Cal.4th 787, 793; *Buckhalter*, at p. 30; §§ 4019, subds. (a)–(c), 2900.5, subd. (a).) The court imposing sentence must "calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment." (*Buckhalter*, at p. 30; *Duff*, at p. 793; § 2900.5, subd. (d).)

Section 2900.1 provides that "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

Section 2900.5, subdivision (b) further provides that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single

---

[11] Section 2900.5, subdivision (a) provides that "[i]n all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days … credited to the period of confinement pursuant to [s]ection 4019, … shall be credited upon his or her term of imprisonment …."

period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subd. (b).)

In *In re Rojas* (1979) 23 Cal.3d 152, our Supreme Court first grappled with the difficulties in calculating custody credits under section 2900.5. The defendant in *Rojas* was convicted of manslaughter and sentenced to state prison. (*Rojas*, at p. 154.) The defendant was charged with an unrelated murder a year later and transferred from state prison to county jail to await trial on that charge. (*Ibid.*) The defendant sought credit for the time he was held in county jail against his resulting second degree murder conviction. (*Id.* at p. 155.) The Supreme Court denied this asserted credit, holding "that a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration." (*Id.* at pp. 155–156.) The court rationalized that "[t]here is no reason in law or logic to extend the protection intended to be afforded one merely *charged* with a crime to one already incarcerated and serving his sentence for a first offense who is then charged with a *second* crime. As to the latter individual the deprivation of liberty for which he seeks credit cannot be attributed to the second offense." (*Id.* at p. 156.)

Ten years after *Rojas*, the Supreme Court revisited section 2900.5 in *In re Joyner* (1989) 48 Cal.3d 487. The defendant in *Joyner* was arrested in Florida for crimes committed there. (*Id.* at p. 489.) The Florida authorities placed a hold on Joyner at California's request for unrelated crimes committed in this state. (*Id.* at pp. 489–490.) Joyner was convicted and sentenced in Florida for his offenses there and given credit against that sentence for his presentence custody. (*Id.* at p. 490.) Joyner was then extradited to California where he negotiated guilty pleas to the California charges. (*Ibid.*) The trial court denied Joyner's request for presentence custody credit for his time served in Florida and California. (*Ibid.*) The Supreme Court concluded Joyner "failed to demonstrate that his presentence custody was, within the meaning of section 2900.5, 'attributable to' anything other than the Florida proceedings." (*Id.* at p. 492.) Applying

the logic of *Rojas*, the Supreme Court rejected Joyner's claim to presentence custody credit. (*Joyner*, at p. 492.)

Pursuant to *Rojas*, "section 2900.5 does not allow a prisoner dual credit against a new criminal sentence for periods during which he was serving time for another, unrelated crime, even if the new matter was simultaneously pending." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1188.) "[C]onsistent with *Rojas* and *Joyner*, … where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*Bruner*, at pp. 1193–1194.) "The test is whether the defendant would have been free 'but for' his or her incarceration on the second crime." (*People v. Gisbert* (2012) 205 Cal.App.4th 277, 281.)

Furthermore, pursuant to section 2900.5, subdivision (b), "[o]nly one set of credits is given on consecutive sentences imposed in a single proceeding." (*Adrian*, *supra*, 191 Cal.App.3d at pp. 876–877; *People v. Schuler* (1977) 76 Cal.App.3d 324, 330, fn. 10 ["where the defendant is given consecutive sentences he must be regarded as undergoing a single continuous term of confinement" and "any credit to be given him pursuant to section 2900.5 must be computed against the total term"].) "In the case of multiple proceedings leading to terms which are consolidated by the last sentencing court pursuant to section 669, the 'attributable' limitation [of section 2900.5, subdivision (b)] still applies.… [C]redits are not reallocated: they remain assigned only to the proceedings in which they were earned." (*Adrian*, at p. 877.)

Defendant's murder conviction in Imperial County was reversed by our sister court. When defendant was resentenced for voluntary manslaughter for that offense, the Imperial County court resentencing him was obligated to calculate the actual time he had already served and credit that time against his new sentence. (§ 2900.1; *Buckhalter*, *supra*, 26 Cal.4th at p. 23 ["When … an appellate remand results in modification of a

felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' "].)

While the Fresno County trial court did not impose a single aggregate term as required, the court correctly concluded defendant is entitled to only one set of credits for his consecutive sentences from the two counties. Credit must be given only once for a single period of custody attributable to multiple offenses for which consecutive sentences have been imposed. (§ 2900.5, subd. (b).) Because defendant's sentences will be served consecutively, defendant is entitled to one set of credits for all his actual days in custody against his total term when the trial court imposes a single aggregate term on remand.

## B. Credits Against Single Aggregate Term

We next consider defendant's argument he is entitled to presentence credit for all his actual days in custody until he was resentenced by Fresno County on May 3, 2022.

At first blush, defendant appears to be incorrect because he is not entitled to credit for a period of custody during which he was incarcerated for another crime. (*In re Rojas*, *supra*, 23 Cal.3d at pp. 155–156.) Defendant reportedly began serving his sentence for the Imperial County case on June 7, 2019, and was still serving that sentence when he was resentenced by Fresno County on May 3, 2022. Based on the current structure of defendant's sentences, he is not entitled to credit for actual days in custody while serving time for his prior crime. (*Adrian*, *supra*, 191 Cal.App.3d at p. 878 ["*Rojas* excludes section 2900.5 credits whenever the jail time is of the 'term serving' variety"].) Yet, if defendant's two sentences had been combined into a single aggregate term, this would constitute a modification of his prior Imperial County sentence thereby entitling defendant to presentence credit for all actual days in custody until the modification. (§ 2900.1; *Buckhalter*, *supra*, 26 Cal.4th at p. 23; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012 (*Saibu*).)

*Saibu* is instructive on this principle. In *Saibu*, the trial court sentenced the defendant to a single aggregate term by combining the defendant's sentences from two cases. (*Saibu*, *supra*, 191 Cal.App.4th at pp. 1009–1010.) The defendant had been in prison serving a previously imposed sentence when his two sentences were combined. (*Id*. at p. 1012.) The defendant argued the trial court erred when it failed to show in the abstract of judgment the total number of actual days he had served in prison and county jail for one case before the trial court resentenced him and imposed a single aggregate term for both cases. (*Id*. at p. 1011.) The appellate court agreed and explained: "Although *Buckhalter* is not directly on point because it concerns the modification of a defendant's sentence 'as a result of an appellate sentence remand' [citation], the same principles would appear to apply when a trial court resentences a defendant pursuant to … rule 4.452. Certainly, a court can be considered to have modified a defendant's original sentence when the court resentences that defendant to a single aggregate term pursuant to rule 4.452. Therefore, under section 2900.1, which specifies that when a sentence is modified while in progress, the 'time' already served ' "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts," ' the trial court should, 'in its new abstract of judgment, … credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time[.]' " (*Saibu*, at p. 1012, quoting *Buckhalter*, *supra*, 26 Cal.4th at p. 37.) The appellate court ordered the trial court to amend the abstract of judgment to include all the defendant's presentence custody in both prison and county jail until his sentences were combined. (*Saibu*, at p. 1013.)

When a trial court imposes an aggregate term, the court is obligated to calculate and award the defendant custody credits from all the combined cases. (*Saibu*, *supra*, 191 Cal.App.4th at pp. 1011–1013; *Phoenix*, *supra*, 231 Cal.App.4th at pp. 1126–1129.) Here, as in *Saibu*, when the trial court imposes a single aggregate term for defendant's two cases, defendant will have already served part of his sentence in prison and county

14.

jail. The court is required to recalculate defendant's custody credits upon resentencing and defendant will be entitled to one set of credits for all time served through modification of his sentences into a single aggregate term.

The People note that if Fresno County did not have the abstract of judgment from Imperial County, the trial court will need to acquire that document to calculate defendant's conduct credits under section 4019. The trial court has a duty to collect the information necessary to award defendant all his custody credits and may order the probation department to obtain that information from another county if necessary. (*Phoenix*, *supra*, 231 Cal.App.4th at p. 1127.) We agree the Imperial County abstract of judgment would presumably assist the trial court in calculating defendant's custody credits.[12] (*Id*. at p. 1127, fn. 10 ["Normally, the abstract of judgment from the prior case would supply all the information the new sentencing court needs."].) We further agree with the People that defendant's conduct credits must be calculated by CDCR. (*Saibu*, *supra*, 191 Cal.App.4th at p. 1013, fn. 9; *People v. Dean* (2024) 99 Cal.App.5th 391, 397.) Upon remand, the trial court must exercise its authority to collect the necessary information to ensure defendant is awarded all the custody credits to which he is entitled.

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing and recalculation of defendant's custody credits.

---

[12]     The record before us is unclear how many actual days defendant has been in custody. Defendant asserts he has been continuously in county jail or prison since his initial arrest on March 22, 2013. The probation officer stated defendant was awarded 2,246 actual days from March 22, 2013, through "March 29th, 2019," but we calculate 2,199 days for this period. The probation officer may have misspoken but in the absence of records from Imperial County the record is deficient to calculate defendant's actual days in custody.